# Richmond.

## Virginia Hot Springs Company v. Grose.

January 17, 1907.

Absent, Buchanan, J.

1. Estoppel—*Purchasing Land on a Polluted Stream.*—The fact that a lower riprarian owner· acquired the land on a polluted stream after its pollution and with knowledge thereof does not estop him from maintaining an action to recover damages for the pollution.

In other respects this case is controlled by *Virginia Hot Springs Company* v. *McCray, ante,* page 461.

Error to a judgment of the Circuit Court of Bath county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case:

*McAllister & Nelson* and *Daniel Harmon,* for the plaintiff in error.

*Benjamin Haden* and *George A. Rivercomb,* for the defendant in error.

Cardwell, J., delivered the opinion of the Court.

This case was argued and· submitted to this court upon the same record, together with the case of *Virginia Hot Springs*

*Company* v. *McCray, ante,* page 461, the defendant in error being a riparian landowner whose lands are situated on the Hot Springs Run below the property of plaintiff in error; and the questions involved in this case are the same as were considered in the case of *Virginia Hot Springs Co.* v. *McCray, supra,* in which an opinion has just been handed down, except that in this case a plea of estoppel offered by plaintiff in error and rejected by the court went further than the same plea in the case of *Virginia Hot Springs Co.* v. *McCray,* in that it alleges that the plaintiff acquired the property after the pollution of the stream, and with knowledge of such pollution. We do not think that this additional allegation in the plea alters the case or differentiates it from the case just disposed of; and for the reasons given in the opinion referred to the judgment complained of in this case must be reversed, the verdict of the jury set aside and a new trial granted.

<div align="right">

*Reversed.*